Drake, Ch. J.,
delivered the opinion of the court:
This is a suit to recover $29,907.22, in coin, which the claimant demands as his share — one-fourth—of $119,628.91, which the United States recovered by way of forfeiture, for frauds perpetrated on the revenue by a mercantile house in New Orleans, information of which, the petition avers, was given by the claimant.
The defendants plead to the jurisdiction of the court.
The suit is brought under the first section" of the Act March 2, 1867, (14 Stat. L., 546, ch. 188,) which provides for the disposition of the residue of the proceeds of fines, penalties, and forfeitures, under the direction of the Secretary of the Treasury, in the manner following, to wit: one-half to the United States; one-fourth to the person giving the information which led to the seizure, or to the recovery of the fine or penalty; and the rest to other parties designated in the act.
The claimant avers that he has demanded the sum sued for, from the Secretary of the Treasury, but without success.
The simple question is, whether he can prosecute a suit here for his share as an informer.
*488 We are unable to see. any reason why be may not. This court is, by the law of its .creation, required to “ hear and determine all claims founded upon any law of Congress;" and as this claim is founded upon such a law, there is no reason apparent to us why it should not be heard and determined. The act in question is not a revenue law in such sense as to come within the purview of the decision of the Supreme Court in Nichols’ Case, (7 Wallace, 122,) but seems more properly to be ruled by the case of Patton, (7 C. Cls. R., 362,) where we held that all questions of salary are questions of contract, and that the Government could be sued for salary which it had agreed by law to pay, whether the case arose under a revenue law or any other.
By analogy, the same rule may be applied to this case. An informer’s share is promised by law. His right to receive it rests, therefore, upon the contract of the Government, and it matters not whether that contract be expressed in a revenue law or any other. The distribution of the proceeds of a fine, penalty, or, forfeiture has no apparent bearing on the collection of the revenue; and there seems to be no sufficient reason why the rights of parties to such distribution may not be prosecuted here.
The plea to the jurisdiction is overruled.