Richardson, J.,
delivered the opinion of the court:
This is an action brought to recover a share of the proceeds of certain forfeitures incurred by parties for violation of the revenue laws at the port of New Orleans, while the claimant was collector there, during the year I860. Proceedings were instituted in the district court of the district of Louisiana for the condemnation and forfeiture of wines which had been seized as imported in fraud of the laws. Compromises were entered into between the owners of the property and the Secretary of the Treasury, by which a large sum of money was paid into court for cost, duties, and forfeiture. After deducting costs and expenses the balance was received by the collector and by him paid into the Treasury of the United States, in accordance with the provisions of the Act March 2, 1799 (1 Stat. L., 697), ch. 22, § 91, and the Act March 2, 1867 (14 Stat. L., 546), ch. 188, now Revised Statutes, § 3090.
At that time the statute gave the residue of the proceeds of fines, penalties, and forfeitures, after making certain deductions, one-half to the United States, one-fourth to tlie person giving the information which led to the seizure or to the recovery of the fine or penalty, and if' there were no informer other than the collector, naval officer, or surveyor, then to the officer making the seizure. The remaining one-fourth was to be equally divided between the collector, naval officer, and surveyor, or such of them as were appointed for the district in which the seizure had been made or the fine or j>enalty incurred, or if there were only a collector then to such collector, &c. (Rev. Stat., § 3090, and acts there revised.) By a subsequent act all provisions of law under which officers of the United States and informers were to share in the proceeds of fines, penalties, and forfeitures were repealed, but as that act only applied to future cases, it is not material in this case. (Act June 22, 1874, 18 Stat. L., 186, ch. 391, § 2.)
*380 There were three methods by which informers and officers who claimed shares of penalties and forfeitures could have their rights determined:
I. While the money remained in the registry of the court they might apply to the court which had jurisdiction of the case and had control of the money, and obtain an adjudication upon their conflicting claims. It was decided in many cases that such court had authority, as incident to its jurisdiction of the original' cause, to decree a distribution in accordance with the statute. (6 Pet., 404; 4 Wash. C. C., 492; 2 Mas., 85, 409; 2 Ware, 371; 1 Low., 22; 10 Wheat., 290, 402; 6 Blatch., 45.)
II. After the money had been paid into the Treasury of the United States, and before it was distributed by the Secretary of the Treasury, they might bring their action in this court, as founded upon a law of Congress or contract, and have their respective claims judicially determined. Such was the unanimous opinion of the court in Shelton’s Case (8 C. Cls. R., 487), decided in 1873.
In Bradley’s Case (12 C. Cls. R., 578) we examined with much care the several statutes and decisions of the courts in relation to the distribution of penalties, and pointed out how this court acquired jurisdiction. By the Act March 2, 1869 (14 Stat. L., 546), ch. 188, the Secretary of the Treasury was substituted for the collector in making the distributions, and had no authority beyond that which the collector had under the Act March 2, 1799 (1 Stat. L., 695-697), ch. 22.
While the duty of distributing the money was by law imposed upon the collector, an action might have been maintained against him to determine the rights of different claimants (1 Paine, 426; 3 Wash., 464), and that, too, even in the State courts. (Latham v. Almey, 13 Allen, 301.) When the duty of distribution was transferred to the Secretary of the Treasury, and the money was paid into the Treasury of the United States, jurisdiction was vested in this court because the claim then became one against the United States, arising upon statute or by contract.
III. Parties might submit to the jurisdiction of the Secretary of the Treasury and allow the money to be distributed under his direction, according to the terms of the statute.
Whichever of these three methods claimants voluntarily submitted to, they became concluded by the result. After the *381 money bad passed from the control of the court in which the ■original proceedings had been instituted, they could no longer apply to that tribunal5 and after the money had been distributed by the Secretary of the Treasury this court was no longer open to them. No appeal is given to the Court of Claims from the determination of the Secretary of the Treasury in such eases, and it has no authority to review his proceedings. When •he has acted, without objection from the claimants and before they have instituted a suit, his action becomes final and conclusive.
In Shelton’s Case and in Bradley’s Case, above cited, the suit was commenced before the Secretary of the Treasury had taken any action whatever in the matter. In Bradley’s Case the Secretary recognized the jurisdiction of this court, and although he afterwards distributed the money in controversy, he took a bond from each of the distributees to refund it in case the judgment here should be .against the United States.
In the present case the claimant appeared before the Secretary of the Treasury, was heard in relation to the distribution, submitted to his. proceeding to determine the conflicting claims of all parties, and received the amount which was found to be Ms due. He now comes into court asking for more, on the ground that the Secretary erred in making the distribution or .award. We are of opinion that the claimant is concluded by what has already been done, and is estopped from calling Iiu question the determination of the Secretary of the Treasury, to whom he voluntarily submitted his claims. That being the •case, the court is not required to find the facts as to the details and particulars of the methods by which the Secretary reached Ms conclusions, nor as to the original claims, which have been ■determined, settled, and paid.
The claimant’s petition must be dismissed.